OCCIDENTAL INSURANCE COMPANY, Plaintiff, v. GLENN W. HERMAN, Defendant.

Supreme Court, Special Term, Queens County, October 15, 1942.

*Herman B. Zipser* for plaintiff.

*John P. Smith* for defendant.

KADIEN, J. The plaintiff, an insurance corporation, issued to one Schlissel a policy against loss or damage by collision, amongst other coverage, upon his automobile and equipment. Said automobile was involved in a collision with that of the defendant, as a result of which the plaintiff was obliged, under the said policy of collision insurance, to pay Schlissel his damages, and pursuant to the terms of said policy a subrogation agreement was entered into whereby the said assured subrogated the plaintiff herein to all his rights and claims which might be payable to him or recoverable by him on account of the said loss or damage to his automobile caused by the defendant herein.

The plaintiff, as such subrogee, has instituted an action against the defendant, charging him in negligence with the sole responsibility of having caused the collision and the consequent damage to Schlissel's automobile, and seeks to recover the sum of $775, the net loss sustained by the plaintiff under the aforesaid policy. The defendant has interposed an answer which consists of a general denial and asserts a counterclaim " to the alleged cause of action set forth in the complaint." It is there alleged that plaintiff's assignor (Schlissel) was negligent and solely responsible for the accident which resulted in damage to the defendant's car. He prays for the dismissal of the complaint and for a judgment against the *plaintiff* in the sum of $566.73, together with costs and disbursements.

The plaintiff now moves for an order striking out the counterclaim, upon the ground that it does not state a cause of action against it. The defendant contends that the plaintiff in this action stands in the place of its assignor (Schlissel) and that, therefore, under the comprehensive definition of a counterclaim contained in section 266 of the Civil Practice Act, the counterclaim has been properly asserted.

It is to be noted that plaintiff's assignor is not a party to this action and the counterclaim is not asserted under the Insurance Law (§ 109 [now § 167]), nor is it even claimed that the contract of insurance between the plaintiff and its assignor covered him for liability, or that the terms thereof were broader than those pleaded in the complaint. The general rule with respect to a suit by an assignee is as follows, as stated in *Seibert* v. *Dunn* (216 N. Y. 237, 245, 246): " The assignee, in suing the claim, stood in the place of the assignor, succeeding to the benefits which it might bring, but chargeable to the *extent of it* with the liabilities of the assignor    *    *    *." (Italics mine.)

Under this rule, the assignee in suing on an assigned claim and " succeeding to the benefits which it might bring " is chargeable with the liabilities of the assignor to the *extent* of such benefits. It seems to me that the only time the plaintiff would benefit by the assignment would be if it recovered in this action. That can occur only if the defendant's negligence is established, as well as the plaintiff's assignor's freedom from contributory negligence. In that event, however, the defendant could not recover upon his counterclaim.

If, on the other hand, the plaintiff fails to recover and the defendant succeeds upon his counterclaim, then there will be no benefits to which the plaintiff may succeed by reason of the assignment which can be chargeable with the liabilities of plaintiff's assignor. To permit the counterclaim, notwithstanding that the plaintiff receives no benefit from the assignment, would be to enlarge the coverage of the policy issued by the plaintiff so as to make plaintiff liable not alone for the damages suffered by its assured, irrespective of fault, but for the liability incurred by him for the damages sustained by the defendant.

I am of the opinion that under the circumstances here presented the counterclaim is improper and, therefore, grant the plaintiff's motion to strike it out.