Alexander W. Eramer, J.
Plaintiff' has moved to strike the defendant’s counterclaims upon the ground that they may not *1093 be asserted against an insurance carrier when it appears as subrogee. There is no opposition to the motion.
The moving papers are not particularly clear on all the issues, but it appears that this is an action in bailment to recover for damages sustained to the insured’s motor vehicle while it was in the defendant’s care. The counterclaim is related to work, labor and services performed on the vehicle as well as the rental value of a vehicle lent to the plaintiff’s insured while the latter vehicle was left in the defendant’s care.
Generally, a counterclaim may be asserted against an assignee of a claim at least up to the amount of any benefit derived by the assignee (see Seibert v. Dunn, 216 N. Y. 237; CPLR 3019). The plaintiff argues that a special rule applies where a claim for damages is brought by an insurance carrier under its subrogation rights and relies upon Occidental Ins. Co. v. Herman (179 Misc. 499) and Potomac Ins. Co. v. Schmedes (63 N. Y. S. 2d 548 [App. Term]) to support that proposition.
Neither reason nor a close reading of the authorities cited leads us to accept that conclusion. In Occidental (supra) a negligence case, the court granted the plaintiff’s motion to strike the counterclaims for damages arising out of the same automobile collision. In doing so, the court recognized the general rule that the assignee is chargeable with the liabilities of its assignor to the extent of the benefits received. However, the court reasoned that in a negligence case, since the carriel* had to prove both the defendant’s negligence and its assignor’s freedom from contributory negligence, there could never be any benefits to the assignee unless the insurance company won the case. Thus, there was no reason to allow the counterclaim, since if the plaintiff won, the defendant could not also be successful on the same issue of negligence, and if the plaintiff lost, it derived no benefits from the assignment upon which it could be charged with the assignor’s liabilities. This holding was followed by the Appellate Term in another negligence case (see Potomac Ins. Co. v. Schmedes, 63 N. Y. S. 2d 548, supra). None of the cases dealt with a situation comparable to the one with which we are faced on this motion.
The present case is a suit in bailment for damages sustained to the plaintiff’s vehicle while it was in the defendant’s custody. While the plaintiff may well have to prove defendant’s negligence in order to recover (5 N. Y. Jur., Bailments, § 53), the basis of the counterclaims is not in negligence but in contract. To allow the plaintiff to prevail on this motion would prejudice the defendant and place the plaintiff and its assignor in a better *1094 position than they would have been if the assignor had instituted the suit in his own name. We believe the situation is more in keeping with that line of cases allowing a counterclaim for breach of warranty upon a suit for breach of contract (cf. D. P. C. Corp. v. Jobson, 15 A D 2d 861).
The plaintiff’s motion should be denied.