Per Curiam.

In an action brought against.a bailee of an automobile to recover the damages incurred to the vehicle while in defendant’s possession, plaintiff appeals from the orders denying its motions to dismiss defendant’s counterclaims. ■
Plaintiff insurance company is the subrogee of its insured whose car was damaged after being delivered to the defendant for repairs. Defendant interposed counterclaims to recover the value of repairs made to the automobile and the amount owed to it by the insured for the rental of a substitute car.
The court below (see 68 Misc 2d 1092), in rejecting plaintiff’s argument that the counterclaims available against its insured may not be asserted against the company as subrogee, held plaintiff as assignee is not entitled to be placed in a more favorable position than would exist if the assignor had instituted the suit in his own name.
While a distinction exists between an assignee and subrogee (57 N. Y. Jur., Subrogation, § 2), the plaintiff’s legal rights here are not materially different from that of an assignee of a contract (CPLR 3019, subd. [a]; see, also, General Obligations Law, § 13-105; James Talcott, Inc. v. Winco Sales Corp., 14 N Y 2d 227; Chemical Bank N. Y. Trust Co. v. State of New York, *606 A D 2d 427). A subrogee, like an assignee, succeeds to another person’s rights and remedies, but in the absence of special equitable considerations, takes those along with their burdens and subject to any defenses which may be available against himself or against his subrogor (57 N. Y. Jur., Subrogation, § 26).
The orders should be affirmed, with $10 costs.
Concur — Hogan, P. J., G-lickman and Farley, JJ.
Orders affirmed, etc.