■   ALLSTATE INSURANCE COMPANY, as Subrogee of RANDOLPH TAYLOR, Appellant, v. BABYLON CHRYSLER, PLYMOUTH INC., Respondent.— Appeal by plaintiff (by permission of this court) from an order of the Appellate Term, Ninth and Tenth Judicial Districts, dated March 14, 1973, which affirmed two orders of the District Court of Suffolk County, Fifth District, the first dated February 14, 1972, denying plaintiff's motion to dismiss the counterclaims in defendant's answer (*Allstate Ins. Co.* v. *Babylon Chrysler, Plymouth,* 68 Misc 2d 1092) and the second dated May 8, 1972, which granted plaintiff's motion for reargument but adhered to the original determination. Order of the Appellate Term reversed; appeals to that court from the order of February 14, 1972 and from so much of the order of May 8, 1972 as granted reargument dismissed; and order of May 8, 1972 otherwise reversed (thus striking therefrom the second and third decretal paragraphs, which adhered to the original determination); and plaintiff's motion to dismiss the counterclaims is granted to the extent that the counterclaims shall be deemed to constitute setoffs only. The determination herein is without costs in this court or in the Appellate Term. One Taylor left his automobile with defendant to be repaired by it at a cost of $135. While the car was in defendant's custody thieves removed certain parts and accessories from it. The car was insured by plaintiff, which reimbursed Taylor for all or part of his loss. The insurance policy gave plaintiff the right of subrogation and, accordingly, plaintiff sued defendant in bailment to recover $766.87. Defendant interposed three counterclaims seeking $135 for repairs, $415.55 for Taylor's use of a rental car for 50 days, and $199.50 based on a check in that amount which Taylor had given defendant in part payment and on which he later stopped payment. Plaintiff moved to strike out these counterclaims and the District Court denied such relief. The Appellate Term affirmed and this court granted leave to appeal. The matters labeled as " counterclaims " in defendant's answer may be considered as setoffs only. They cannot be permitted to effect an affirmative recovery by defendant against plaintiff. The appeal from the original order should have been dismissed as academic, since that order was superseded by the order made on reargument. As to the dismissal herein of the appeal from a portion of the second order, plaintiff was not aggrieved by that portion of the order. Gulotta, P. J., Hopkins, Shapiro, Cohalan and Munder, JJ., concur.