*469 OPINION OF THE COURT
Richard S. Lane, J.
Plaintiff sues in negligence to recover damage to its subrogor’s automobile involved in an accident with defendant’s automobile. Defendant counterlaims in negligence for damage to its automobile. Plaintiff moves to strike the counterclaim.
If the accident had occurred prior to September 1, 1975, the motion would have been granted as a matter of course (Potamac Ins. Co. v Schmedes, 63 NYS2d 548; Occidental Ins. Co. v Herman, 179 Misc 499).
With the advent of comparative negligence (CPLR art 14-A), however, my colleague, Judge Leonard Cohen, refused to follow the old precedents, vouched in subrogor as an additional party plaintiff and allowed the counterclaim (Cosmopolitan Ins. Co. v Feil, 91 Misc 2d 59). Judge Cohen’s opinion specifically left undetermined two factual variations: (1) where subrogor had no liability coverage or at least where subrogee was not also the liability carrier; and (2) where the counterclaim was in excess of the claim-in-chief or was for personal injuries. This case presents both variations. Plaintiff’s allegation that it is merely the collision carrier goes uncontroverted, and the counterclaim is for an amount over twice as great as plaintiff’s claim.
In Seibert v Dunn (216 NY 237), the Court of Appeals promulgated the basic law as to rights and liabilities between an assignee and the obligor. An assignee succeeds to the benefits of the assignor’s claim but is chargeable to the extent of such benefits with the assignor’s liabilities to the obligor. The trouble is that in the special world of subrogated automobile negligence claims, that law does not work. Plaintiff not only is required to prove defendant’s negligence but also subrogor’s freedom from contributory negligence. When a counterclaim is asserted it is all or nothing either way. Plaintiff faces the dilemma that it may not only lose the benefits of the claim but at the same time may be subjected to liability completely outside of its bargain with subrogor. Accordingly, to the rescue comes Occidental Ins. Co. v Herman (supra).
Comparative negligence naturally helps. It does not, however, completely eliminate the problem which gave birth to the Occidental Ins. Co. rule even where the counterclaim is for less than the claim-in-chief, and certainly not where the *470 counterclaim is for more. Plaintiff still takes the risk of unbargained-for liability on another’s obligation and that it may have a net out-of-pocket result from having pursued subrogor’s claim. The Cosmopolitan Ins. Co. procedure works but only on its special facts — where plaintiff is also subrogor’s liability carrier and subrogor has been brought into the case. Even then it is a clumsy procedure and expands the litigation in a manner which maybe none of the parties want.
More in accord with the apparent expectations of the parties is the basic law laid down in Seibert v Dunn (supra) and followed in Allstate Ins. Co. v Babylon Chrysler, Plymouth (45 AD2d 969). Plaintiff can pursue the claim without risk of an affirmative judgment against it. Defendant can fight the claim with all available weapons. And subrogor can happily sit the battle out. If, on the other hand, defendant really does want affirmative relief despite the appearances, it has available remedies. It may commence an independent action against subrogor which can thereafter be consolidated, or it may itself implead subrogor on the counterclaim (CPLR 3019, subd [d]).
And what comparative negligence does accomplish is that all of a sudden the law laid down in Seibert v Dunn (supra) is workable even in the special world of subrogated negligence claims. No longer is the absolutist Occidental Ins. Co. rule necessary. No longer is it an all or nothing proposition.
Plaintiff’s motion to strike defendant’s counterclaim is granted only to the extent of limiting the counterclaim to use as a setoff or recoupment.