**AMERICAS INSURANCE COMPANY, as Subrogee of Universal Petroleum Company, Ltd., Plaintiff-Appellant,**

**v.**

**SEAGULL COMPANIA NAVIERA, S.A., As Owner of the T/T ATHENIAN and the West of England Shipowners Mutual Protection and Indemnity Association (Luxembourg), Defendants-Appellees.**

No. 1352, Docket 85–7253.

United States Court of Appeals,
Second Circuit.

Argued June 17, 1985.
Decided Oct. 9, 1985.

Edward C. Radzik, New York City (Donovan, Maloof, Walsh & Kennedy and Richard E. Repetto, New York City, of counsel), for plaintiff-appellant.

Anthony J. Mavronicolas, New York City (Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy and Patrick V. Martin, New York City, of counsel), for defendant-appellee Seagull Compania Naviera, S.A.

Before VAN GRAAFEILAND and PRATT, Circuit Judges, and RE, Chief Judge, United States Court of International Trade.*

VAN GRAAFEILAND, Circuit Judge:

Americas Insurance Company, underwriter-subrogee of Universal Petroleum Company, Ltd., appeals from that portion of a judgment of the United States District Court for the Southern District of New York (Goettel, J.), which set off separate arbitration awards in favor of Universal and appellee Seagull Compania Naviera, S.A. resulting in only a net recovery by Americas on its subrogated claim against Seagull. For reasons stated herein, we vacate the judgment and remand to the district court with instructions to refer the matter back to the arbitrators for clarification as to whether they so framed their awards as to preclude the setoff which the district court directed.

On October 2, 1981, Universal chartered Seagull's ship, the ATHENIAN, to transport a cargo of asphaltic fuel oil from La Plata, Argentina to New York City. When the ship arrived in New York, some 1,600 barrels of oil were missing and over 31,000 barrels were contaminated. As required by the charter party, Universal submitted its claim for this loss to arbitration. Because of delays in unloading, Seagull had a claim against Universal for demurrage, which it submitted to arbitration before the same panel.

---

\* The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.

Although Universal and Seagull were the nominal arbitrating parties, Americas, which had paid Universal's insurance claim for cargo loss and damage, had become subrogated to Universal's third party claim arising out of that loss. Arrangements also had been made to secure the payment of whatever arbitration awards were made. The West of England Shipowners Mutual Protection and Indemnity Association (Luxembourg) (hereafter "West of England"), the protection and indemnity underwriter for Seagull, undertook to satisfy a final judgment in favor of Universal or its underwriter for up to $430,615.25. In exchange, Universal instructed its bank to open a $200,000 irrevocable letter of credit in favor of Seagull, earmarked to satisfy Seagull's claim. Thereafter, Universal became insolvent. The arbitrators were informed of Universal's insolvency and the foregoing security arrangements, which would result in the payment of the arbitration awards being funded by sources "completely separate" from the nominal parties. Moreover, Americas' attorneys specifically requested that because "there are entities other than the named parties whose interests will be directly affected by the outcome of this case", the Panel, in structuring the awards, "provide that neither award shall be subject to set off or net recovery on account of the other."

Although Seagull objected to this request, Americas contends that the arbitrators complied with it, and this contention may have merit. The arbitrators' opinion contains two subdivisions, one bearing the headings "Charterer's Claims" and "Award to Charterer", the other headed "Owner's Claims" and "Award to Owner". The "Award to Charterer" was in the sum of $392,960.21; the "Award to Owner" was in the sum of $269,980.71. No provision was made for setoff or net recovery. Americas argues, without serious dispute by Seagull, that this was a most unusual procedure; that, where marine arbitrators are asked to adjust crossclaims, it is extremely rare for them not to combine the claims and reduce them to one award. In this case, instead of the arbitrators combining the awards, the district court did.

When Americas petitioned the district court to confirm the $392,960.21 award to which it was subrogated, the court insisted that the demurrage award also must be confirmed and judgment entered against Americas, despite the fact that Seagull had not petitioned for such relief. The district court entered judgment for $392,960.21 in favor of Americas against Seagull and judgment for $269,980.71 in favor of Seagull and against Americas, thus effecting a setoff that may not have been intended by the arbitrators.

 It is well settled that a maritime insurer such as Americas, which has paid its insured the amount of a loss, becomes subrogated in a corresponding amount to the insured's cause of action against the person causing the loss and may pursue its claim against such person in either its own name or that of the insured. Gilmore and Black, *The Law of Admiralty* 91 (2d ed. 1975). Because it was Universal's cause of action that Americas was enforcing, if Americas had sued Seagull in the district court, instead of proceeding as it did by way of arbitration, it almost certainly would have been subject to the same setoffs as Universal. *See United States v. Munsey Trust Co.*, 332 U.S. 234, 242, 67 S.Ct. 1599, 1603, 91 L.Ed.2d 2022 (1947); *Defense Supplies Corp. v. United States Lines Co.*, 148 F.2d 311, 312 (2d Cir.), *cert. denied*, 326 U.S. 746, 66 S.Ct. 43, 90 L.Ed. 446 (1945); *Allstate Insurance Co. v. Babylon Chrysler, Plymouth Inc.*, 45 A.D.2d 969, 359 N.Y.S.2d 583 (1974) (mem.). However, Americas did not submit its claim to the district court but to a panel of arbitrators, who, as is usually the case, were aware of the fact that the dispute before them really was between underwriters rather than the nominal parties. *See* Gilmore and Black, *supra*, at 91–92; *In re Compania Naviera Marasia S.A.*, 1980 A.M.C. 385, 390 (S.D.N.Y.1979). If, as Americas contends, the arbitrators intended that, for this reason, there should be no setoff, there is nothing to indicate that this

intent evidenced a manifest disregard of the law, an exception to the rule against unreviewability of arbitrators' decisions that is "severely limited". *See Office of Supply, Government of the Republic of Korea v. New York Navigation Co.*, 469 F.2d 377, 379–80 (2d Cir.1972). The intent of a panel of arbitrators should not be frustrated merely because its members may have misinterpreted the law. *International Union of Elevator Constructors v. National Elevator Industry, Inc.*, 772 F.2d 10, 11 (2d Cir.1985).

Assuming that the panel in the instant case did intend that there be no setoff, the district judge clearly frustrated that intent. The arbitrators made two separate awards, one against Seagull, payment of which, they were informed, was secured by West of England's Letter of Undertaking, and the other against Universal, payment of which, the arbitrators were told, would be funded by Universal's letter of credit. Unknown to the arbitrators, and apparently to the parties themselves, Universal's letter of credit, for some reason not clearly explained, had been allowed to lapse. The lapse of the letter of credit, combined with Universal's bankruptcy, is what makes it so important to determine whether the arbitrators intended there to be a setoff against Americas' claim.

■ Although judicial review of an arbitration award is very narrowly limited, *Diapulse Corporation of America v. Carba, Ltd.*, 626 F.2d 1108, 1110 (2d Cir.1980), a court should not attempt to enforce an award that is ambiguous or indefinite, *id.* at 1111; *Bell Aerospace Co. v. Local 516, UAW*, 500 F.2d 921, 923 (2d Cir.1974). An ambiguous award should be remanded to the arbitrators so that the court will know exactly what it is being asked to enforce. *Cleveland Paper Handlers and Sheet Straighteners Union No. 11 v. E.W. Scripps Co.*, 681 F.2d 457, 460 (6th Cir. 1982) (per curiam); *Oil, Chemical & Atomic Workers International Union, Local 4–367 v. Rohm and Haas, Texas, Inc.*, 677 F.2d 492, 495 (5th Cir.1982) (per curiam) (Appendix). We believe there is sufficient ambiguity to require a remand in the instant case.

■ We see nothing in the Supreme Court's criticism of "routine" grants of Rule 54(b) certification in *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980), which compelled the district court to enter a judgment in favor of Americas which incorporated the amount of Seagull's setoff against Universal. Whether a trial court routinely authorizes appeals from judgments disposing of less than all claims being tried before it has no bearing on whether a court should enter separate judgments pursuant to separate arbitration awards. Until such awards are vacated, they are conclusive as to the rights of the parties. *Corallo v. Merrick Central Carburetor, Inc.*, 733 F.2d 248, 252 (2d Cir.1984). The district court's judgment should reflect what would have happened had the parties immediately complied with the awards instead of going to court. *Marion Manufacturing Co. v. Long*, 588 F.2d 538, 542 (6th Cir.1978). If Americas is correct in its contention that the arbitrators intended there be no setoff against it, an issue on which we express no opinion, the district court's judgment would be clearly wrong, because its effect would be to overturn the arbitrators' award.

The district court's judgment is vacated, and the matter is remanded to the district court with instructions to refer the matter back to the arbitration panel for clarification as to whether the panel intended its award of $269,980.71 in favor of Seagull and against Universal to be set off against its award of $392,960.21 in favor of Universal and against Seagull.