**In the Matter of the Arbitration Between Michael A. FRANCO, Petitioner,**

v.

**PRUDENTIAL BACHE SECURITIES, INC., Vice President Lazaro Fernandez, Respondent.**

**Civ. No. 89–0678 (JAF).**

United States District Court, D. Puerto Rico.

Sept. 6, 1989.

Erick Morales, San Juan, P.R., for petitioner.

Edwin J. Guillot, Jr., McConnell Valdes Kelley Sifre Griggs & Ruiz–Suria, San Juan, P.R., for respondent.

## OPINION AND ORDER

FUSTE, District Judge.

This is an action under Title 9 of the United States Code seeking to overturn an arbitration award issued in favor of defendant Prudential Bache Securities, Inc. ("Prudential") and against plaintiff Michael A. Franco ("Franco"). Before the court is Prudential's motion for summary judgment and Franco's opposition thereto. Prudential seeks summary judgment on several grounds, but we only need to discuss one: the timeliness of the notice given to the defendant.

1. This action was filed May 18, 1989.

Section 12 of the United States Arbitration Act states the following:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.

9 U.S.C. § 12.

■ As many courts have noted, "[a] party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award." *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir.1981) (and cases cited therein).

■ In this case, the arbitration award at issue was delivered to Franco's counsel on February 27, 1989. Thus, the terms of the above-cited section required Franco to serve notice to Prudential no later than May 27, 1989. Prudential was not in fact served until June 13, 1989. Therefore, the court concludes that Franco did not comply with the time limitation set forth in 9 U.S.C. section 12.

Nevertheless, Franco argues that because he filed the present court action within three months of notification of the arbitration award,[1] he is entitled to a due diligence exception to the three-month limit. To establish that a due diligence exception exists, Franco cites *Holodnak v. Avco Corp.*, 381 F.Supp. 191 (D.Conn.1974), *rev'd in part on other grounds*, 514 F.2d 285 (2nd Cir.), *cert. denied*, 423 U.S. 892, 96 S.Ct. 188, 46 L.Ed.2d 123 (1975). But as the Eight Circuit noted in *Piccolo*, the court in *Holodnak* did not rely on the existence of a due diligence exception and in fact rested its holding on other grounds. *Piccolo*, 641 F.2d at 601. *See also Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.1986) (questioning existence of a due diligence exception); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171 (2d Cir.1984) (three-month limit is absolute).

■ Even assuming, as did the court in *Piccolo*, that a due diligence exception ex-

ists, Franco has alleged no facts to justify its application in this case. The mere fact that he filed a court action prior to the running of the time period is not enough— the statute explicitly requires notice. *Id.* Franco has alleged no facts indicating that he made an *effort to* comply with the requirement, or that he was in any way thwarted by the defendant from doing so, or that he asked the court for assistance in achieving timely service. In short, Franco's efforts apparently fell far short even of those found insufficient to warrant a due diligence exception in *Piccolo. Id.* at 601.

Therefore, summary judgment in favor of the defendant is hereby GRANTED and plaintiff's petition is DISMISSED.

IT IS SO ORDERED.