**Andres A. ESCOBAR and Pedro Escobar, Petitioners,**

**v.**

**SHEARSON LEHMAN HUTTON, INC., Respondent.**

**Civ. No. 90–1715 GG.**

United States District Court, D. Puerto Rico.

March 27, 1991.

Cesar A. Matos Bonet, San Juan, P.R., for petitioners.

Goldman Antonetti Ferraiuoli & Axtmayer, San Juan, P.R., for respondent.

## ORDER

GIERBOLINI, District Judge.

On February 6, 1991, the court entered an order dismissing the petition for review of an arbitration award filed by Andres A. Escobar and Pedro Escobar (petitioners). Before the court is petitioners' motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure requesting reconsideration and/or relief from our order of February 6, 1991.

## I. INTRODUCTION

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–14, petitioners Andres A. Escobar and Pedro Escobar sought relief from an arbitration award rendered by the New York Stock Exchange. Respondent Shearson Lehman Hutton, Inc., filed a motion to dismiss the petition on two grounds: (1) petitioners had failed to serve their petition for judicial review of the arbitration award upon respondent as set forth in Section 12 of the Federal Arbitration Act ("Arbitration Act") or alternatively, (2) petitioners allegations fail to meet the requirements of Sections 10(d), 11(a) and (b)[1] of the Act.

On August 6, 1990, petitioners requested an extension of thirty days to reply to respondent's motion to dismiss. On August 23, 1990, the court granted petitioners' request. However, six months elapsed and petitioners did not file an opposition to respondents' motion to dismiss. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure,[2] we held that respondent's allegation that petitioners had failed to serve timely notice as required by Section 12 of the Act were admitted by petitioners and consequently, their petition should be dismissed. We stated:

> Petitioners' attempt to overturn the arbitration award fails because they did not comply with the statutory precondition of timely service of notice. They have admitted such failure by failing to oppose respondent's motion to dismiss. We need not consider respondent's other arguments.

Order of February 6, 1991 at 3.

■ At the outset, we note that it took petitioners' counsel more than six (6) months to respond to respondent's motion to dismiss. In support of petitioners' motion under Rule 60(b), petitioner's counsel blames himself for lack of experience in securities arbitration law. Because we find that petitioners are entitled to relief on the merits, we grant their motion under Rule 60(b)(6). Hazard & James, *Civil Procedure* § 12.14, at 676 (Rule 60(b) relief is available if "[t]he moving party has a claim of defense of substantial merit that can be asserted if the judgment is set aside."). As explained more fully below, it would be unjust to dismiss the petition under the circumstances of this case. *See* 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2864, at 211–12 (1973) ("[Rule 60(b)(6)] gives the court ample power to vacate judgments whenever that action is appropriate to accomplish justice.").

## II. PROCEDURAL MATTERS

■ Section 12 of the Arbitration Act provides, in pertinent part:

> Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

---

**1.** Under Section 11(a) of the Arbitration Act, the court

may make an order modifying or correcting the award.... [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award. 9 U.S.C. 11(a).

Section 11(b) provides:

**2.** Rule 8(d) provides in pertinent part: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.... If the adverse party [is] a nonresident [of the district within which the award was made] the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court ...

A party who seeks judicial review of an arbitration award must comply with the notice requirements of section 12; otherwise he forfeits his right to judicial review. *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1212 (6th Cir.1982); *Franco v. Prudential Bache Securities, Inc.*, 719 F.Supp. 63, 64 (D.P.R.1989) (citing *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir.1981)).

■ Respondents contend that the petition is untimely because it was not served through a marshal as required by Section 12. Petitioners argue that the arbitration proceedings and the issuance of the award took place in Puerto Rico, where respondent Shearson has been doing business under the corporate name of Shearson Lehman Hutton Puerto Rico, Inc. We hold that while respondent Shearson is an entity separate and distinct from Shearson Lehman Hutton Puerto Rico, Inc. for corporate purposes, for purposes of Section 12 respondent is a resident of the District of Puerto Rico. Section 12 is designed to ensure that a defendant is properly notified, thus avoiding the risk of surprise. Consequently, we hold that petitioners complied with the requirements of Section 12 by serving the petition through the mail.

## III. THE AWARD

On January 20, 1989, petitioners filed individual statement of claim against respondent and respondent's agent for various securities laws violations. At petitioners' request the claims were consolidated to expedite matters. Petitioner Andres Escobar sought damages in the amount of $218,365.89 and Pedro Escobar in the amount of $292,952.56. Both petitioners also sought Civil RICO damages for three times their basic claim. Petitioners' joint claim amounts to $511,318.45, exclusive of the Civil RICO damages. Petitioners argue that the award should be remanded to the arbitrators "to reconsider certain issues which were submitted to them for arbitration, *but which were not resolved* in a 'mutual, final and definite award.'" (Petitioners Memorandum of Law, at 11 (emphasis in original)).

The Arbitration Act mandates the confirmation of an award "unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of this title." 9 U.S.C. § 9. Under Section 10(d), the court may

make an order vacating the award.... [w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

■ Under the Act, arbitrators are not required to disclose the basis on which their awards are made. *Koch Oil S.A. v. Transocean Gulf Oil Co.*, 751 F.2d 551, 554 (2d Cir.1985). The reasons for denying confirmation of an award under the Act are extremely narrow. *Ketchum v. Prudential–Bache Securities, Inc.*, 710 F.Supp. 300 (D.Kan.1989). "If a ground for the arbitrator's decision can be inferred from the facts of the case, the award should not be vacated." *Barbier v. Shearson Lehman Hutton, Inc.*, 752 F.Supp. 151, 163 (S.D.N.Y.1990) (citing *Kurt Orban Co. v. Angeles Metal Systems*, 573 F.2d 739, 740 (2d Cir.1978)).

Petitioners contend that the arbitrators failed to adjudicate the claims before them as two different and individual accounts. Respondent counters that petitioners conveniently overlook the fact that petitioners' claims were consolidated at their own request. Petitioners rely on the arbitrator's references in their "Case Summary" to one account as evidence that the arbitrators adjudicated only one claim. We think these repeated references to a single account, by themselves, are simply a consequence of

consolidating both claims, at petitioners' request.

■ Nevertheless, we agree with petitioners that the award was "imperfectly executed" and this is demonstrated by the arbitrators' reference to a single account and the award form itself. While arbitrators are not required to explain the reasoning behind an award, this is a case where the award rendered by the panel strongly implies that the arbitrators "imperfectly executed their powers." 9 U.S.C. § 10(d). The award rendered by the NYSE arbitrators is ambiguous and/or incomplete. Although the record shows that the arbitrators received evidence concerning both accounts, in the claim data the arbitrators assess the amount of $218,365.89, when in fact the joint claim of Andres and Pedro Escobar amounted to $511,318.45, exclusive of punitive damages.[3] (See Exh. 6 & 7 to the Petition). On its face the award demonstrates that either the arbitrators valued both claims at $218,365.89 or that they only considered Andres Escobar's claim, which amounts to that figure. While it is likely that the arbitrators valued both accounts at $218,365.89, we think it is more possible that they failed to consider Pedro Escobar's claims. Further evidence that the arbitrators adjudicated one claim is that the award only distributes one deposit fee filed by petitioners pursuant to Arbitration Rule 630(a), when in fact there were two filing deposits. (See Exh. 3 & 4 to the Petition). In addition, the arbitrators failed to determine how the award should be divided among the claimants and whether any interest should be applied to the principal amount granted. In short, the award should be remanded to the arbitrators for clarification. *Olympia & York Florida Equity Corp. v. Gould*, 776 F.2d 42, 45 (2d Cir.1985); *Americas Insurance Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64, 67 (2d Cir.1985).

Respondent contends that *Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529 (D.C.Cir.1989), is analogous to the facts of this case. We disagree. *Sargent* involved a suit over one account apparently jointly owned by a father and his daughter. The instant action involves two separately owned and held accounts which were to be consolidated for purposes of arbitration, but apparently were not. In *Sargent*, the D.C. Circuit Court reversed the district courts' remand to the arbitrators because it held that arbitrators did not have to explain a lump-sum award "in the absence of facts making it appear that the arbitrators committed an error justifying vacation of the award." 882 F.2d at 532. In this case, it appears that the arbitrators committed such error. *See Tinaway v. Merrill Lynch & Co., Inc.*, 658 F.Supp. 576, 579 (S.D.N.Y. 1987) (court is unable to infer a ground for arbitrators' decision to reduce claimed damages by ninety-five percent).

While in cases of this nature the interest that judgments be "swift and economical" generally prevails over the interest to correct every possible error, *see Sargent*, 882 F.2d at 533, we find that under the circumstances of this case, it would be manifestly unjust to confirm the award. *Collins & Aikman Floor Coverings v. Froehlich*, 736 F.Supp. 480, 487 (S.D.N.Y.1990) (remanding award to arbitrator for clarification of illogical damage award).

IV. CONCLUSION

In view of the foregoing reasons, petitioners' motion for relief under Rule 60(b)(6) is hereby GRANTED. Respondent's motion to dismiss the petition is hereby DENIED. This case is remanded for further arbitration and clarification in accordance with this opinion.

SO ORDERED.

---

3. The award also assessed the amount of punitive damages to be $655,097.67. This amount only represents the punitive damages sought by Andres Escobar. Pedro Escobar sought punitive damages in the amount of $878,585.88.