■ PEERLESS INSURANCE COMPANY, as Subrogee of Rainer's Gourmet, Inc., Respondent-Appellant, v MICHAEL BESHARA, INC., et al., Appellants-Respondents. [903 NYS2d 833]—

---

**5.** Before the mother's Medicaid became effective, Heidi S. purchased glasses for the child at the end of November 2008.

Peters, J.P. Cross appeals from an order of the Supreme Court (Williams, J.), entered April 6, 2009 in Saratoga County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

In September 1998, Rainer Mehalick, the owner of Rainer's Gourmet, Inc., leased property from defendant Michael Beshara consisting of a large restaurant and storage building in the Village of South Glens Falls, Saratoga County. The lease provided that Beshara certified that the heating and air circulating systems "are working and in good repair" and that "[a]ll future maintenance and repair are [l]essee's responsibility." Rainer's Gourmet occupied the property until February 2004, when water pipes froze and burst, causing water to flood the premises. Following the flood, plaintiff paid an insurance claim to Rainer's Gourmet in the amount of $151,583.84.

Plaintiff, as subrogee of Rainer's Gourmet, thereafter commenced this action seeking to recover from defendants the sum it paid under the insurance policy. In particular, the complaint alleges that defendants failed to provide a heating system that was in good repair and that the frozen pipes were caused by a heating malfunction. Defendants interposed counterclaims against plaintiff for property damage, alleging that Mehalick was responsible for the heating system's maintenance and agreed to indemnify defendants for any loss resulting from the bursting of pipes. Following joinder of issue, defendants moved and plaintiff cross-moved for summary judgment. Supreme Court granted defendants' motion dismissing the complaint and, finding that the allegations underlying defendants' counterclaims only provide the basis for an affirmative defense of comparative negligence, dismissed the counterclaims as well. The parties cross-appeal.

Plaintiff contends that summary judgment dismissing the complaint was inappropriate because a question of fact exists as to whether Beshara provided a heating system that was "working and in good repair" at the commencement of the lease. Initially, we find that defendants made a prima facie showing of entitlement to judgment as a matter of law. In support of the motion, defendants proffered deposition testimony establishing that Beshara sent a vendor to the property at the time the lease commenced to start up the heating units and ensure that they were operational, and relied on the term of the lease agreement providing that Mehalick was responsible for all future maintenance and repair of the heating and air circulating systems. Further, Beshara testified that he never had problems with the heating system when he used the property as a restaurant and was not aware that there was a problem with the system until 2003.

In opposition, plaintiff raised a triable issue of fact. Mehalick testified that he experienced problems with the heating system "from day one" of the lease and throughout the entirety of the tenancy. Although he confirmed that Beshara had a vendor "fire the unit[s] up" and warranted that they worked properly at the time the lease commenced, Mehalick also testified that the units only came on intermittently, as was the case during the entire time he leased the property. Plaintiff also provided the testimony of Paul White, a heating service technician who had worked on the heating system at the property for the past 25 to 30 years. White testified that he inspected the system within three months of the commencement of the lease and found it to be old, in poor condition and unsafe. He explained that one half of one of the units was not functioning at all and that, even at the beginning of the lease, the units were not in good working order and were simply too old to be repaired or restored. Viewing this evidence in a light most favorable to plaintiff and according it the benefit of every reasonable inference that can be drawn therefrom (*see Ballou v Ravena-Coeymans-Selkirk School Dist.*, 72 AD3d 1323, 1326 [2010]; *Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219 [2007]), we find that plaintiff raised a genuine issue of fact as to whether Beshara fulfilled his duty of providing a heating system that was "working and in good repair" in the first instance (*cf. Padovano v Vivian*, 217 AD2d 868, 869-870 [1995]).

Turning to defendants' cross appeal, we likewise find that outright dismissal of the counterclaims was improper. It is well settled that "[a] subrogee acquires all rights, defenses and remedies of the subrogor and is subject to any claims or defenses

which may be raised against the subrogor" (*Servidori v Mahoney*, 129 AD2d 944, 945 [1987]; *see United States Fid. & Guar. Co. v Smith Co.*, 46 NY2d 498, 504 [1979]; *Solomon v Consolidated Resistance Co. of Am.*, 97 AD2d 791, 792 [1983]). Having commenced the instant action, plaintiff stepped into the shoes of Rainer's Gourmet, "succeeding to the benefits which it might bring, but chargeable *to the extent of it* with the liabilities of [Rainer's Gourmet]" (*Seibert v Dunn*, 216 NY 237, 245-246 [1915] [emphasis added]). Despite plaintiff's contention and Supreme Court's conclusion to the contrary, defendants' claims may properly be interposed as counterclaims (*see* Siegel, NY Prac § 226 [4th ed]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:5, at 210-211; *see also Allstate Ins. Co. v Babylon Chrysler Plymouth*, 45 AD2d 969 [1974]; *cf. James Talcott, Inc. v Winco Sales Corp.*, 14 NY2d 227, 231-233 [1964]). However, they cannot effect an affirmative recovery against plaintiff, but rather may be maintained against plaintiff in the present action only to the extent of setting off plaintiff's claim (*see Allstate Ins. Co. v Babylon Chrysler Plymouth*, 45 AD2d at 969; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:5, at 210; *Travelers Indem. Co. v Zeff Design*, 23 Misc 3d 1121[A], 2009 NY Slip Op 50878[U], *2 [2009]; *Allstate Ins. Co. v Trans Hudson Express, Inc.*, 4 Misc 3d 1029[A], 2004 NY Slip Op 51124[U], *2-3 [2004]). In order to seek affirmative relief, defendants must commence an independent action against Rainer's Gourmet or implead Rainer's Gourmet on the counterclaims (*see* CPLR 3019 [d]; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:5, at 211).

The parties' remaining contentions have been reviewed and are either without merit or have been rendered academic by our decision.

Rose, Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment and granted plaintiff's cross motion for summary judgment dismissing defendants' counterclaims to the extent that they seek to set off plaintiff's claim; motion and cross motion denied to said extent; and, as so modified, affirmed.