JAMES E. SYMONDS et al., Plaintiffs, v PROGRESSIVE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant. ALLSTATE INSURANCE GROUP, Third-Party Defendant-Respondent. [915 NYS2d 400]—

Egan Jr., J. Appeal from an order of the Supreme Court (O'Shea, J.), entered February 25, 2010 in Chemung County, which, among other things, granted third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

In August 2005, plaintiffs were involved in a motor vehicle accident with Pamela Miller when Miller failed to yield the right-of-way at a stop sign. At the time of the accident, plaintiffs, residents of the City of Elmira, Chemung County, were insured by defendant. Miller, a resident of Pennsylvania, had previously been insured by third-party defendant, Allstate Insurance Group. Plaintiffs sought payment for their injuries under the supplemental uninsured and underinsured motorist coverage of its policy with defendant after learning that Allstate had canceled its policy with Miller prior to the accident due to nonpayment. Defendant did not respond to plaintiffs' requests for coverage.

In May 2008, plaintiffs commenced this action for breach of contract against defendant. Defendant subsequently commenced a third-party action against Allstate seeking, among other things, a declaration that Miller's insurance policy was in full

force and effect at the time of the accident. Defendant subsequently moved for summary judgment against plaintiffs and Allstate. Thereafter, Allstate cross-moved for summary judgment dismissing the third-party complaint. Supreme Court, among other things, denied defendant's motion for summary judgment against plaintiffs and granted Allstate's cross motion for summary judgment due to defendant's lack of standing under the applicable Pennsylvania statute and Allstate's substantial compliance with the statute. Defendant now appeals and we affirm, albeit on different grounds.

Defendant lacks standing under New York law to seek a judgment declaring Allstate's insurance policy in effect at the time of the accident. Under Insurance Law § 3420 (a) (2), a declaratory judgment action seeking a judgment declaring that the at-fault party's insurance company was obligated to defend and indemnify its insured can only be commenced after the third party seeking the declaration obtains a judgment against the at-fault insured, and it has gone unpaid for 30 days (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 354-355 [2004]; *Sabatino v Capco Trading, Inc.*, 27 AD3d 1019, 1021 [2006]). Likewise, since defendant, as plaintiffs' subrogee, stands in the shoes of its subrogor and "is subject to any claims or defenses which may be raised against the subrogor" (*Peerless Ins. Co. v Michael Beshara, Inc.*, 75 AD3d 733, 735-736 [2010] [internal quotation marks and citations omitted]; *see United States Fid. & Guar. Co. v Smith Co.*, 46 NY2d 498, 504 [1979]), and since plaintiffs have not obtained a judgment against Miller, defendant does not have standing to seek a declaratory judgment against Miller's carrier, Allstate.

Finally, since both defendant and Allstate have settled their respective disputes with plaintiffs subsequent to Supreme Court's decision, defendant's appeal from the denial of summary judgment with relation to plaintiffs has been rendered moot (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Matter of Clear Channel Communications v Rosen*, 263 AD2d 663, 664 [1999]; *Matter of Herald Co. v O'Brien*, 149 AD2d 781, 782 [1989]).

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.