*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015                    519109
_____

In the Matter of the
    Arbitration between TOMPKINS
    COUNTY et al.,
                    Respondents,

        and                                MEMORANDUM AND ORDER

TOMPKINS COUNTY DEPUTY
    SHERIFFS' ASSOCIATION,
    INC.,
                    Appellant.
_____

Calendar Date:  January 14, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

                    _____

        Marilyn D. Berson, Newburgh, for appellant.

        Coughlin & Gerhart, LLP, Binghamton (Mary Louise Conrow of
counsel), for respondents.

                    _____

Garry, J.

        Appeal from an order of the Supreme Court (Mulvey, J.),
entered August 21, 2013 in Tompkins County, which granted
petitioners' application pursuant to CPLR 7503 to stay
arbitration between the parties.

        A deputy sheriff employed by petitioners and represented by
respondent injured his back during a foot pursuit in the course
of his employment in June 2012.  The deputy applied for benefits
pursuant to General Municipal Law § 207-c and received full pay
for eight days of missed work immediately after the incident, as
well as intermittent days during the next several months.  In

February 2013, he missed additional work time due to a worsening of his condition and submitted another claim for benefits.  He received payments for two pay periods in February and March 2013, but learned in April 2013 that his benefits pursuant to General Municipal Law § 207-c had been terminated.

Respondent filed a grievance on behalf of this deputy "and all similarly situated uni[on] members" charging a violation of the collective bargaining agreement between petitioners and respondent, and thereafter demanded arbitration.  Petitioners then commenced this proceeding pursuant to CPLR 7503 (b) seeking a stay of arbitration, and Supreme Court granted petitioners' application.  Respondent appeals.

While this appeal was pending, the deputy sheriff and petitioners entered into a "global settlement contract" that, among other things, settled "the [General Municipal Law] § 207-c claim."  We agree with petitioners that this settlement renders the appeal moot.  In the absence of an exception to the mootness doctrine – that is, where an issue is likely to recur, presents novel or significant questions, or typically evades appellate review – "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; accord Matter of Elmore v Mills, 296 AD2d 704, 706 [2002]).  We are unpersuaded by respondent's contention that it was not a party to the settlement and that similarly situated employees represented by respondent would be affected by the outcome of this appeal.  The parties are now operating under the terms of an expired contract, limiting the potential for similar disputes in the future.  Respondent participated in the grievance procedures that led to the settlement, and by means of its counsel's representation of both respondent and the deputy throughout the proceedings, may also have been apprised of the terms of the agreement that "fully, finally and globally" settled the claim.  The settlement contract contains no provisions reserving any issues for appeal (compare Matter of Liaros v Ted's Jumbo Red Hots, Inc., 96 AD3d 1464, 1464 [2012]; Balyszak v Siena Coll., 63 AD3d 1409, 1410-1411 [2009]).  Further, the record is devoid of any indication that there are similarly situated

employees who lost benefits pursuant to General Municipal Law § 207-c.  Thus, the appeal must be dismissed (see 490 Ocean Assoc. v Abrams, 71 NY2d 975, 976 [1988]; Symonds v Progressive Ins. Co., 80 AD3d 1046, 1047 [2011]; Lawyers Tit. Ins. Co. v Weiser's Poultry Farm, 289 AD2d 739, 739 [2001]).

     Peters, J.P., McCarthy and Rose, JJ., concur.


     ORDERED that the appeal is dismissed, as moot, without costs.




          ENTER:

          Robert D. Mayberger
          Clerk of the Court