Gennett v New York State Elec. & Gas Corp.

2026 NY Slip Op 02310

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

David J. Gennett, Appellant,

v

New York State Electric & Gas Corporation et al., Defendants. Ronald R. Benjamin, Respondent.

Decided and Entered:April 16, 2026

CV-24-1969

Calendar Date: February 9, 2026

Before: Clark, J.P., Reynolds Fitzgerald, Ceresia, Powers And Corcoran, JJ.

Law Office of B. Shamus O'Donniley, Astoria (B. Shamus O'Donniley of counsel), for appellant.

Ronald R. Benjamin, Binghamton, respondent pro se.

[*1]

Ceresia, J.

Appeal from an order of the Supreme Court (Oliver Blaise III, J.), entered September 23, 2024 in Broome County, which denied plaintiff's motion to determine the amount of Ronald R. Benjamin's charging lien prior to the conclusion of the action.

In 2014, plaintiff was injured in a workplace accident at a construction site. In 2017, this action was commenced on plaintiff's behalf by his first attorney. Two years later, the first attorney withdrew from representation of plaintiff, and Supreme Court issued an order providing that the first attorney's legal fees, if any, would be determined at the conclusion of the case. Plaintiff then hired his second attorney, whose retainer agreement provided for a one-third contingency fee. In 2024, plaintiff wrote a letter to the court that, while never filed on any court docket, apparently contained negative allegations about his relationship with his second attorney, who then moved to withdraw from representing plaintiff.

Before the withdrawal motion was decided, plaintiff filed a pro se motion to "determine and fix the amount of [his second attorney's] charging lien for a fixed dollar amount on the basis of quantum meruit." Plaintiff claimed that he needed to know the exact amount of his second attorney's counsel fees and out-of-pocket expenses so that he could pay them and more easily retain a third attorney. Plaintiff also argued that his second attorney had demanded, and he had paid, a substantial cash payment during the representation, thereby converting the fee arrangement from contingency to hourly. The second attorney opposed, alleging that the contingency fee agreement remained in place and that the calculation of fees for plaintiff's attorneys should await the final resolution of the matter. Supreme Court ordered that the second attorney's fee, like that of the first attorney, would be calculated at the case's conclusion. Plaintiff appeals.

To the extent that plaintiff claims that he was entitled to an immediate ruling on his motion rather than the court delaying its determination until the end of the case, this contention has been rendered moot, given that the case settled during the pendency of this appeal (see Stein v Paes, 165 AD3d 1510, 1510-1511 [3d Dept 2018], lv denied 32 NY3d 916 [2019]; Matter of Tompkins County [Tompkins County Deputy Sheriffs' Assn., Inc.], 126 AD3d 1156, 1157 [3d Dept 2015]). As for plaintiff's argument that the second attorney's fees should be calculated on a quantum meruit rather than contingency basis, we note that Supreme Court has yet to decide this issue. Indeed, pending such a determination, the court has ordered a portion of the settlement funds to be held in escrow, not to be distributed until it finally resolves the fee issues relative to each of plaintiff's attorneys. Therefore, this question is not ripe for our review (see 517-525 W. 45 LLC v Avrahami, 202 AD3d 611, 613 [1st Dept 2022]; CGM Constr., Inc. v Sydor, 144 AD3d 1434, 1438 [3d Dept 2016]).

Clark[*2], J.P., Reynolds Fitzgerald, Powers and Corcoran, JJ., concur.

ORDERED that the appeal is dismissed, as partially moot and partially unripe, without costs.