■ NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, Respondent, v ODYSSEY REINSURANCE COMPANY, Appellant. (And Another Proceeding.) [39 NYS3d 465]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about April 7, 2016, which, insofar as appealed from, sua sponte awarded petitioner reasonable attorneys' fees and referred the matter to a special referee to hear and determine, unanimously reversed, on the law, without costs, and the award of reasonable attorneys' fees to petitioner and the referral to a special referee vacated.

In the absence of a statute, agreement between the parties or court rule, the court was without authority to award petitioner legal fees (*see Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5-6 [1986]; *Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD3d 203 [1st Dept 2010], *lv denied* 17 NY3d 713 [2011]).

Furthermore, the record demonstrates that Supreme Court improvidently exercised its discretion in requiring respondent to pay reasonable attorneys' fees, since there is no evidence in the record that respondent's conduct, namely its delay in selecting an umpire for the parties' arbitration dispute, which occurred pre-litigation, was frivolous within the meaning of the Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c) (*see Nichols v Branton*, 45 Misc 3d 981 [Sup Ct, Columbia County 2014]). Significantly, we note that the parties' arbitration clause specifically provides for judicial appointment of an umpire, "if the arbitrators fail to appoint an umpire within one month of a request in writing by either of them." Concur—Acosta, J.P., Renwick, Saxe, Feinman and Kahn, JJ.