Matter of Village of Newark (CSEA, Inc.) (2024 NY Slip Op 00575)

Matter of Village of Newark (CSEA, Inc.)

2024 NY Slip Op 00575

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1042 CA 23-00044

[*1]VILLAGE OF NEWARK, PETITIONER-RESPONDENT, AND CSEA, INC., WAYNE COUNTY LOCAL 859, VILLAGE OF NEWARK PD 910800, RESPONDENT-APPELLANT.

DAREN J. RYLEWICZ, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., ALBANY (AARON E. KAPLAN OF COUNSEL), FOR RESPONDENT-APPELLANT. 
COUGHLIN & GERHART, LLP, BINGHAMTON (MARY LOUISE CONROW OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered December 13, 2022. The order determined that petitioner is entitled to attorney's fees and costs. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and that part of the petition seeking costs and attorney's fees pursuant to 22 NYCRR 130-1.1 is denied.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration with respect to a grievance of respondent concerning the provision of retirement benefits and seeking costs, attorney's fees and sanctions pursuant to 22 NYCRR 130-1.1 against respondent for filing an allegedly frivolous demand for arbitration. Respondent thereafter withdrew the demand for arbitration and moved to dismiss the petition as moot. Petitioner opposed the motion on the ground that, although the issue of arbitration was moot, the issues of costs, attorney's fees and sanctions were not moot. Supreme Court agreed with petitioner and directed further submissions on the issues of costs, attorney's fees, and sanctions from the parties. Following those submissions, the court awarded petitioner its attorney's fees and costs pursuant to 22 NYCRR 130-1.1. Respondent appeals, and we reverse.
"The court, in its discretion, may award to any party or attorney in any civil action . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1 [a]). We agree with respondent that, even assuming, arguendo, section 130-1.1 applies to conduct occurring prior to the commencement of any litigation (see National Union Fire Ins. Co. of Pittsburgh, PA v Odyssey Reins. Co., 143 AD3d 626, 626 [1st Dept 2016]; cf. Casey v Chemical Bank, 245 AD2d 258, 258 [2d Dept 1997]), the court abused its discretion in granting that part of the petition seeking costs and attorney's fees for serving an allegedly meritless demand for arbitration. Here, the plain language of the parties' collective bargaining agreement provided at least facially colorable support for the underlying grievance and resulting demand for arbitration. Further, there is no evidence in the record that the demand for arbitration was taken "primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure" petitioner or that patently false statements were made by respondent's representatives (§ 130-1.1 [c] [2]). Thus, the circumstances under which the demand for arbitration was served, including the time available for investigating the legal or factual basis of the underlying grievance, and the fact that the conduct was discontinued when its lack of legal or factual basis was apparent all weigh against the award of costs and attorney's fees here (see generally § 130-1.1 [c]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court