■ GARY GOLDEN, Doing Business as GOLDEN's JANITORIAL SERVICE, Respondent, v GEOFFREY BARKER et al., Appellants. [636 NYS2d 444] —White, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered March 31, 1994 in Clinton County, which denied defendants' motion to amend a prior order of said court vacating a default judgment entered against them.

Plaintiff commenced this action for services rendered in late March 1992; thereafter on April 1, 1992 service was effected upon defendant Geoffrey Barker pursuant to CPLR 308 (2) and defendant June Barker in accordance with CPLR 308 (1). Defendants, by means of a letter mailed on April 21, 1992 addressed to plaintiff's attorney, served an unverified answer to plaintiff's verified complaint. Plaintiff's attorney returned it "since it was not received within the required time period of 20 days". On April 29, 1992, a default judgment was entered against defendants which Supreme Court ultimately vacated on the grounds that June Barker had demonstrated a reasonable excuse for her default (*see*, CPLR 5015 [a] [1]) and Geoffrey Barker had not defaulted since 30 days had not elapsed from the date he was served (*see*, CPLR 320 [a]). Despite having obtained the relief they sought, defendants applied for leave to renew their motion to vacate the judgment so that Supreme Court could amend its decision and order to reflect that the judgment against June Barker was vacated pursuant to the grounds set forth in CPLR 5015 (a) (3). They further requested

Supreme Court to impose sanctions against plaintiff's attorney. Supreme Court denied the motion, prompting this appeal.

We affirm. Inasmuch as defendants were not aggrieved parties seeking to change the legal effect of Supreme Court's order, Supreme Court correctly concluded that there was no basis for entertaining their motion to renew (*see*, 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2221.03). Moreover, even if defendants' motion is considered one to resettle, there are still no grounds for relief since there is no discrepancy between Supreme Court's decision and order (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:7, at 183).

The award of costs and/or the imposition of sanctions for frivolous conduct, as defined in 22 NYCRR 130-1.1 (c), is a matter within Supreme Court's discretion (*see*, *Bogan v Royal Realty Co.*, 209 AD2d 178). Although plaintiff's attorney erred in entering the default judgment since defendants' answer was timely (*see*, CPLR 2103 [b] [2]), Supreme Court did not abuse its discretion in refusing to impose sanctions because, in our view, conduct attributable to legal error, standing alone, is not frivolous within the meaning of 22 NYCRR 130-1.1 (c) (*see*, *Guarnier v American Dredging Co.*, 79 NY2d 846, 847). We further note that the parties have been restored to the status quo ante without any demonstrable prejudice having been suffered by defendants.

We have examined defendants' remaining contentions and find them to be unpersuasive.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.