■ STANLEY Q. CASEY et al., Respondents, v CHEMICAL BANK et al., Appellants. [664 NYS2d 825] —In an action, *inter alia,* to recover damages for negligence, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Feuerstein, J.), dated October 23, 1996, as granted that branch of the plaintiffs' motion which was for an award of costs and the imposition of sanctions for frivolous conduct pursuant to 22 NYCRR 130-1.1.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for an award of costs and the imposition of sanctions for frivolous conduct pursuant to 22 NYCRR 130-1.1 is denied.

The defendants in the instant case refused to release the plaintiffs' bank accounts until directed by court order to do so. Their conduct caused the plaintiffs to commence the instant action, and caused the plaintiffs to move in the instant action for an order directing them to release the funds. The court found that their conduct constituted gross negligence justifying the imposition of costs and sanctions of $1,000 "representing the cost to plaintiffs in bringing the instant motion and as sanctions for the dilatory conduct of the defendants".

The law is well settled that "[a] court may not impose a sanction on a litigant or an attorney absent a statute or rule granting the power to do so" (*Eirand v Macri,* 213 AD2d 585; *see, Matter of A.G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1).

22 NYCRR 130-1.1 is addressed to frivolous conduct by a party in civil litigation (*see, People v Vonwerne,* 155 Misc 2d 311). It does not apply to tortious conduct in general, nor is it a substitute for the court's power to punish for contempt of its own orders (*see, Matter of Kernisan v Taylor,* 171 AD2d 869, 870).

In the instant case, the defendants never resorted to civil litigation. The fact that they engaged in conduct which caused the plaintiffs to resort to civil litigation against them may or may not constitute a civil cause of action against them. However, it is not a basis for imposing sanctions pursuant to 22 NYCRR 130-1.1. Thompson, J. P., Friedmann, Krausman and Goldstein, JJ., concur.