■ RUPERT L. STOW, Respondent, v LILIANE STOW, Defendant; and JEFFREY LEVITT, Nonparty Appellant. [694 NYS2d 68] —In an action for a divorce and ancillary relief, the defendant wife's attorney appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated February 4, 1998, as granted the plaintiff husband's motion to impose a sanction pursuant to 22 NYCRR 130-1.1, to the extent of directing the appellant to personally pay $500 to the Lawyers' Fund for Client Protection, and (2) so much of an order of the same court, dated September 22, 1998, as, upon reargument, adhered to the original determination granting a sanction.

Ordered that the appeal from the order dated February 4, 1998, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 22, 1998, made upon reargument; and it is further,

Ordered that the order dated September 22, 1998, is reversed insofar as appealed from, on the law, without costs or disbursements, so much of the order dated February 4, 1998, as granted the plaintiff's motion to impose a sanction is vacated, and that motion is denied.

The appellant, who was substituted as attorney for the defendant in the underlying divorce action, renewed the defendant's application for maintenance based upon allegations that the plaintiff misrepresented his income and expenses. At oral argument on that application, the Supreme Court directed the

appellant to refer his allegations of misrepresentations to the District Attorney. When the appellant failed to do so, the Supreme Court ruled in favor of the plaintiff husband, and imposed a sanction pursuant to 22 NYCRR 130-1.1 upon the appellant for failing to comply with its direction to refer the matter to the District Attorney.

22 NYCRR 130-1.1 is addressed to frivolous conduct by a party in civil litigation. It is not a substitute for the court's power to punish for contempt of its own orders (*see, Casey v Chemical Bank,* 245 AD2d 258; *Matter of Kernisan v Taylor,* 171 AD2d 869). In the instant case, the appellant's failure to report the plaintiff's conduct to the District Attorney did not constitute conduct in the civil action for divorce. Imposing a sanction for failure to comply with a court order to refer the matter to the District Attorney improperly used 22 NYCRR 130-1.1 as a substitute for the court's power to punish for contempt of its own orders.

Where the record suggests that perjury has been committed, the court may, in its sound discretion, refer the matter to the District Attorney for investigation (*Matter of Carroll v Gammerman,* 193 AD2d 202, 206). However, here the court improperly directed a third party—the appellant—to refer the matter to the District Attorney. Further, the court improperly ruled that the appellant's failure to refer those allegations to the District Attorney established that those allegations were baseless.

In the alternative, the Supreme Court found that even if the appellant's allegations were "colorable", those allegations were "abusive" and made to delay resolution of the underlying divorce action. Making claims of colorable merit can constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1 if "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]; *Tyree Bros. Envtl. Servs. v Ferguson Propeller,* 247 AD2d 376; *Matter of Gordon v Marrone,* 202 AD2d 104). However, in the instant case, there is no evidence in the record that the appellant's primary purpose in making those allegations was to delay resolution of the matter. Rather, it appears that the appellant's primary purpose was to secure maintenance for his client and a favorable property settlement. Raising genuine legal disputes is not sanctionable conduct (*see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411, 414).

Accordingly, the appellant's conduct did not warrant sanctions pursuant to 22 NYCRR part 130. S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.