■ PETER G. McKIERNAN, Appellant, v MARY J. McKIERNAN, Respondent. [715 NYS2d 901] —In a matrimonial action in which the parties were divorced by judgment dated December 12, 1997, the plaintiff former husband appeals from so much of an order of the Supreme Court, Westchester County (Shapiro, J.), dated January 21, 1999, as, upon reargument and renewal, adhered to a determination made at a hearing denying his oral application for recusal of the Justice of the Supreme Court.

715 NYS2d 903] —In a matrimonial action in which the parties were divorced by judgment dated December 12, 1997, the plaintiff and his attorney appeal from an order of the Supreme Court, Westchester County (Shapiro, J.), dated July 19, 1999, which, in effect, granted the motion of the plaintiff's attorney to vacate an order of the same court dated March 9, 1999, imposing a sanction in the sum of $10,000 pursuant to 22 NYCRR 130-1.1 only to the extent of directing the plaintiff's attorney to pay $5,000 to the Lawyers' Fund for Client Protection.

Ordered that the appeal by the plaintiff is dismissed, without costs or disbursements, as he is not aggrieved by the order appealed from; and it further,

Ordered that the order is reversed, without costs or disbursements, the motion is granted, and the order dated March 9, 1999, is vacated.

The conduct of the attorney for the plaintiff was not frivolous as that term is defined in 22 NYCRR 130-1.1 (c) (*see, Grier v Grier,* 266 AD2d 345; *Stow v Stow,* 262 AD2d 550). Accordingly, the imposition of a sanction was improper. O'Brien, J. P., Thompson, S. Miller and Feuerstein, JJ., concur.