■ DOROTHY HAMILTON, Plaintiff, v PEDRO CORDERO, Defendant. LEE M. ALBIN et al., Nonparty Appellants. [781 NYS2d 907]—

In an action, inter alia, to impose a constructive trust on certain real property, the plaintiff's attorneys Lee M. Albin, Keith H. Richman, and Albin & Richman, P.C., appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated March 19, 2003, which, sua sponte, directed Lee M. Albin to pay a sanction in the sum of $5,000 to the Lawyers' Fund for Client Protection of the State of New York.

Ordered that the appeals by Keith H. Richman and Albin & Richman, P.C., are dismissed, without costs or disbursements, as they are not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that on the Court's own motion, so much of the notice of appeal as was filed on behalf of Lee M. Albin is treated as an application for leave to appeal from the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from by Lee M. Albin, on the law, without costs or disbursements, and the sanction is vacated.

Under the circumstances of this case, we find that Lee M. Albin did not engage in "frivolous conduct" within the meaning of 22 NYCRR 130-1.1 (c) (*see McKiernan v McKiernan*, 277 AD2d 434 [2000]; *Gossett v Firestar Affiliates*, 224 AD2d 487 [1996]). The motion for a leave to enter a default judgment, which Albin filed on his client's behalf, was not "completely without merit in law," and did not actually assert any false material statements of fact (22 NYCRR 130-1.1 [c] [1]; *see Matter of Gavilanes v Dilan*, 281 AD2d 546 [2001]; *Golden v Barker*, 223 AD2d 769 [1996]). Moreover, the Supreme Court did not follow the proper procedure in imposing the sanction, because its written decision failed to set forth why the subject conduct was frivolous, and why the sanction imposed was appropriate (*see* 22 NYCRR 130-1.2; *Miller v DeCongilio*, 269 AD2d 504 [2000]; *Gossett v Firestar Affiliates, supra; Draliuk v Ferretti*, 221 AD2d 585 [1995]). Altman, J.P., Krausman, Luciano, Mastro and Lifson, JJ., concur.