■ Norma Arciniega, Respondent, v Mario Arciniega, Appellant. [852 NYS2d 377]—

In a matrimonial action in which the parties were divorced by judgment dated March 25, 2003, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated June 26, 2006, as denied those branches of his motion which were for the appointment of a Law Guardian, reimbursement of excess child support payments, sanctions, an attorney's fee, and a prospective termination of his child support obligations when each of the parties' children reach 18 years of age.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contentions, the Supreme Court properly exercised its discretion in denying his request for the appointment of a Law Guardian or other forensic expert (*see* Family Court Act § 249; *Frizzell v Frizzell*, 177 AD2d 825, 826 [1991]). His request for an attorney's fee was also properly denied because there was no evidence that the plaintiff's conduct in opposing his various applications for downward modification of child support and for reargument were frivolous or undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure him (*see* 22 NYCRR 130-1.1; *Rennie-Otote v Otote*, 15 AD3d 380, 381 [2005]; *Hamilton v Cordero*, 10 AD3d 702, 703 [2004]). Additionally, his request for a prospective termination of his child support obligation when each of the parties' children reach age 18 was properly denied, as a parent's obligation to support his or her minor children continues until age 21 (*see* Family Ct Act § 413; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]) and the judgment of divorce required the payment of support to age 21 (*see Schiffman v Schiffman*, 79 AD2d 971 [1981]).

The defendant's contention that he made excess child support payments because his consent to the stipulation of settlement was not valid and enforceable is without merit. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.