■ MAUREEN BADILLO, Appellant, v WILLIAM BADILLO, Respondent. [877 NYS2d 691]—

In a matrimonial action, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Bivona, J.), dated June 11, 2008, which directed the plaintiff to pay the defendant the sum of $2,000 as a sanction pursuant to 22 NYCRR 130-1.1.

Ordered that the judgment is reversed, on the law, with costs, and the sanction is vacated.

Under the circumstances herein, the plaintiff did not engage in sanctionable conduct by opposing the defendant's motion, inter alia, to vacate a portion of a prior support order (*see* 22

NYCRR 130-1.1; *Rennie-Otote v Otote*, 15 AD3d 380, 381 [2005]; *Hamilton v Cordero*, 10 AD3d 702, 703 [2004]; *Stow v Stow*, 262 AD2d 550, 551 [1999]; *see also Arciniega v Arciniega*, 48 AD3d 607 [2008]). Moreover, the Supreme Court did not follow the proper procedure for imposing a sanction, since it failed to specify in a written decision the conduct upon which the award was based, the reasons why it found the conduct to be frivolous, and the reasons the sanction was fixed in the sum indicated (*see* 22 NYCRR 130-1.2; *Rennie-Otote v Otote*, 15 AD3d at 381; *Hamilton v Cordero*, 10 AD3d at 703; *Miller v DeCongilio*, 269 AD2d 504 [2000]; *Gossett v Firestar Affiliates*, 224 AD2d 487 [1996]).

The plaintiff's contention that the Supreme Court improperly denied her request for sanctions against the defendant is not properly before this Court (*see* 22 NYCRR 130-1.1 [d]; *Kane v Triborough Bridge & Tunnel Auth.*, 40 AD3d 1040, 1041-1042 [2007]; *Jandru Mats v Riteway AV Corp.*, 1 AD3d 565, 566 [2003]; *Telemark Constr. v Fleetwood & Assoc.*, 236 AD2d 462 [1997]; *see also Matter of Mercury Ins. Group v Ocana*, 46 AD3d 561, 562 [2007]). Prudenti, P.J., Santucci, Florio and Belen, JJ., concur.