■ PERRY FINKELMAN, Respondent, v SBRE, LLC, Appellant, et al., Defendants. [896 NYS2d 877]—

In an action for a judgment declaring, inter alia, that the plaintiff is entitled to recover a down payment given pursuant to a contract for the sale of development rights, the defendant SBRE, LLC, appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered September 26, 2008, which granted the plaintiff's motion for an award of costs, including an attorney's fee, against.it pursuant to 22 NYCRR 130-1.1.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion for an award of costs, including an attorney's fee, against the appellant pursuant to 22 NYCRR 130-1.1 is denied.

Pursuant to 22 NYCRR 130-1.1, an award of costs, including an attorney's fee, may be imposed against a party for frivolous conduct (*see* 22 NYCRR 130-1.1 [a], [b]). Among the types of conduct which will be considered frivolous are those determined to be "completely without merit in law" or "undertaken pri-

marily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]; *Glenn v Annunziata*, 53 AD3d 565, 566 [2008]; *Ofman v Campos*, 12 AD3d 581, 582 [2004]). "In making that determination, the court must consider 'the circumstances under which the conduct took place' and 'whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent' " (*Glenn v Annunziata*, 53 AD3d at 566, quoting 22 NYCRR 130-1.1 [c]).

Here, the Supreme Court improvidently exercised its discretion in imposing an award of costs, including an attorney's fee, against the defendant SBRE, LLC (hereinafter SBRE), pursuant to 22 NYCRR 130-1.1 for relying upon a particular legal theory in defending itself and asserting counterclaims in the instant matter. Under the circumstances of this case, SBRE's reliance upon the legal theory was not frivolous because SBRE raised a genuine legal dispute (*see Stow v Stow*, 262 AD2d 550, 551 [1999]). Moreover, the record does not support the Supreme Court's conclusion that SBRE relied upon this theory primarily to delay resolution of the litigation. Accordingly, SBRE's conduct did not warrant the imposition of an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1.

In light of our determination, we need not reach SBRE's remaining contentions. Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur. **[Prior Case History: 2008 NY Slip Op 32660(U).]**