■ PROVIDENCE WASHINGTON INSURANCE COMPANY, as Subrogee of Scott Shelofsky et al., Appellant, v BINA E. MUNOZ et al., Respondents. (Action No. 1.) REBECCA MUNOZ, Plaintiff, v SCOTT E. SHELOFSKY et al., Defendants. (Action No. 2.) PROVIDENCE WASHINGTON INSURANCE COMPANY, as Subrogee of Scott Shelofsky et al., Appellant, v BINA E. MUNOZ et al., Respondents. (Action No. 3.) [926 NYS2d 630]—

In two related subrogation actions to recover insurance benefits paid to the plaintiff's insured in actions Nos. 1 and 3 and a related action to recover damages for personal injuries (action No. 2), the plaintiff in actions Nos. 1 and 3 appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated June 17, 2010, as denied that branch of its motion which was, in effect, to dismiss the counterclaim asserted against it in action No. 3 and, in effect, granted the cross motion of the defendants in actions Nos. 1 and 3 for an award of costs and an attorney's fee against it pursuant to CPLR 8303-a and 22 NYCRR 130-1.1.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the motion of the plaintiff in actions Nos. 1 and 3 which was, in effect, to dismiss the counterclaim asserted against it in action No. 3 is granted, and the cross motion of the defendants in actions Nos. 1 and 3 for an award of

costs and an attorney's fee against the plaintiff in actions Nos. 1 and 3 pursuant to CPLR 8303-a and 22 NYCRR 130-1.1 is denied.

Allegedly, on June 8, 2003, a vehicle operated by Scott Shelofsky and owned by Scott Shelofsky and/or Toni Ann Shelofsky (hereinafter together the Shelofskys) collided with a vehicle operated by Rebecca E. Munoz and owned by Bina E. Munoz. Providence Washington Insurance Company (hereinafter Providence) paid the Shelofskys' insurance claim for damage to their vehicle resulting from the collision, pursuant to an insurance policy it had issued to them. Thereafter, Providence, as subrogee of the Shelofskys, commenced an action in the District Court, Nassau County, against Bina E. Munoz and Rebecca E. Munoz (hereinafter together the defendants) to recover the insurance benefits it paid to the Shelofskys (hereinafter action No. 3). In their answer, the defendants interposed a counterclaim against Providence to recover damages for injury to property, alleging that damage to their vehicle was caused by Scott Shelofsky's negligent operation of the Shelofsky vehicle. Providence then commenced a second subrogation action against the defendants in the Supreme Court, Nassau County, this time to recover certain no-fault and uninsured motorist benefits it had paid to the Shelofskys (hereinafter action No. 1).

In an order dated June 25, 2007, the Supreme Court transferred action No. 3 from the District Court to the Supreme Court and joined actions Nos. 1 and 3 for purposes of trial, together with a related personal injury action commenced by Rebecca Munoz against the Shelofskys in connection with the same collision (hereinafter action No. 2). Thereafter, Providence moved pursuant to CPLR 3217 (b) to voluntarily discontinue its causes of action in actions Nos. 1 and 3 and, in effect, to dismiss the defendants' counterclaim asserted against it in action No. 3. Providence contended that because a counterclaim in a subrogation action may be employed only to assert a set-off against the subrogee's claim, the voluntary discontinuance of its causes of action warranted dismissal of the counterclaim in action No. 3. The defendants cross-moved for an award of costs and an attorney's fee against Providence pursuant to CPLR 8303-a and 22 NYCRR 130-1.1. The Supreme Court granted that branch of Providence's motion which was to voluntarily discontinue its causes of action in actions Nos. 1 and 3, but denied that branch of Providence's motion which was, in effect, to dismiss the defendants' counterclaim asserted against it in action No. 3 and, in effect, granted the defendants' cross motion. We reverse the order insofar as appealed from.

Contrary to the defendants' contention, their counterclaim against Providence in action No. 3 "cannot effect an affirmative recovery against [Providence], but rather may be maintained . . . only to the extent of setting off [Providence]'s claim" (*Peerless Ins. Co. v Michael Beshara, Inc.*, 75 AD3d 733, 736 [2010]; *see Allstate Ins. Co. v Babylon Chrysler Plymouth*, 45 AD2d 969 [1974]; *U.S. Underwriters Ins. Co. v Greenwald*, 31 Misc 3d 1206[A], 2010 NY Slip Op 52394[U] [2010], *affd* 82 AD3d 411 [2011]). Accordingly, the Supreme Court, upon granting that branch of Providence's motion which was to voluntarily discontinue its causes of action in action Nos. 1 and 3, also should have granted that branch of Providence's motion which was, in effect, to dismiss the defendants' counterclaim asserted against it in action No. 3.

Moreover, the Supreme Court improvidently exercised its discretion in granting the defendants' cross motion for an award of costs and an attorney's fee against Providence pursuant to CPLR 8303-a and 22 NYCRR 130-1.1. The defendants failed to demonstrate that Providence's conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c), or that its actions were commenced or continued in bad faith (*see* CPLR 8303-a [c] [i]; *Broich v Nabisco, Inc.*, 2 AD3d 474, 475 [2003]; *Karnes v City of White Plains*, 237 AD2d 574, 576 [1997]). We note that the Supreme Court did not follow the proper procedure for imposing costs and an attorney's fee, since it failed to specify in a written decision the conduct upon which the award was based and the reasons why it found the conduct to be frivolous (*see* 22 NYCRR 130-1.2; *Badillo v Badillo*, 62 AD3d 635, 636 [2009]; *Hamilton v Cordero*, 10 AD3d 702, 703 [2004]). Dillon, J.P., Covello, Chambers and Roman, JJ., concur.