■ YOUCHENG WU, Respondent, v JIAN XU, Appellant. [26 NYS3d 706]—

In an action, inter alia, for declaratory relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated June 27, 2014, as, upon the granting, in an order of the same court dated October 9, 2013, of that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and expenses payable by her, fixed the amount of the attorneys' fees and expenses award at the total sum of $12,330.06.

Ordered that the order dated June 27, 2014 is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and expenses payable by the defendant is denied, and the order dated October 9, 2013 is modified accordingly.

The plaintiff failed to demonstrate that the defendant engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (*see Matter of Miller v Miller*, 96 AD3d 943, 944 [2012]; *Matter of Wieser v Wieser*, 83 AD3d 950 [2011]; *Kaplon-Belo Assoc., Inc. v D'Angelo*, 79 AD3d 931 [2010]; *Casey v Chemical Bank*, 245 AD2d 258 [1997]). In any event, the Supreme Court failed to follow the proper procedure for awarding attorneys' fees and expenses payable by the defendant, since it failed to specify in a written decision the conduct on the defendant's part upon which the award was based, the reasons why it found that conduct to be frivolous, and the reasons it fixed the award in the sum indicated (*see* 22 NYCRR 130-1.2; *Providence Wash. Ins. Co. v Munoz*, 85 AD3d 1142, 1144 [2011]; *Badillo v Badillo*, 62 AD3d 635, 636 [2009]; *Rennie-Otote v Otote*, 15 AD3d 380, 381 [2005]).

The parties' remaining contentions are either based on matter dehors the record or without merit. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.