██ YANIQUE D. LE-CADRE, D.M.D., M.S., Appellant, v LOCKWOOD REALTY, LLC, et al., Respondents. [49 NYS3d 307]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Zuckerman, J.), dated July 21, 2015, which denied her motion for an award of attorney's fees and costs pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed, with costs.

The plaintiff, who leased office space in a building owned and managed by the defendants, commenced this action, inter alia, to recover damages for breach of contract, alleging that the defendants had violated a term of the lease agreement. After the action settled, the plaintiff moved for an award of attorney's fees and costs pursuant to 22 NYCRR 130-1.1. The Supreme Court denied the motion.

The Supreme Court did not improvidently exercise its discre-

tion in denying the motion. In their answer to the complaint, the defendants pleaded a viable legal theory of defense based upon a reasonable interpretation of the lease agreement. "Raising genuine legal disputes is not sanctionable conduct" (*Stow v Stow*, 262 AD2d 550, 551 [1999]; *see Finkelman v SBRE, LLC*, 71 AD3d 1081, 1081-1082 [2010]). Further, contrary to the plaintiff's contention, there was no evidence that the defendants' conduct of denying certain allegations in their answer was "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]; *see Arciniega v Arciniega*, 48 AD3d 607 [2008]; *Rennie-Otote v Otote*, 15 AD3d 380 [2005]; *Stow v Stow*, 262 AD2d at 551). Accordingly, the plaintiff failed to demonstrate that the defendants engaged in frivolous conduct under 22 NYCRR 130-1.1, warranting an award of attorney's fees and costs. Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.