(June 21, 2017)

■ 150 CENTREVILLE, LLC, et al., Appellants, v LIN ASSOCIATES ARCHITECTS, P.C., et al., Respondents. [54 NYS3d 699]—

In an action to recover damages for professional malpractice and breach of contract, the plaintiffs appeal from a money judgment of the Supreme Court, Queens County (Ritholtz, J.), entered March 3, 2014, which, upon an order of the same court entered February 14, 2013, denying their motion to vacate a judgment of the same court entered July 5, 2012, which was in favor of the defendants and against them dismissing the complaint, and granting the defendants' cross motion for an award of attorney's fees pursuant to 22 NYCRR 130-1.1 to the extent of directing a hearing as to the reasonableness of the attorney's fees and costs incurred by the defendants, and after a hearing, is in favor of the defendants and against them in the principal sum of $17,831.61.

Ordered that the money judgment is affirmed, with costs.

The plaintiffs failed to comply with a stipulation that was so-ordered by the Supreme Court which provided, in effect, that *the complaint would be dismissed unless the plaintiffs* responded to the defendants' demand for *interrogatories and* notice for discovery and inspection that had been *outstanding*

for more than two years despite several court orders directing a response. Upon the plaintiffs' failure to comply, the conditional order became final and a judgment was entered dismissing the complaint. In support of their motion to vacate the judgment, the plaintiffs were required to demonstrate (1) a reasonable excuse for the failure to produce the requested items and (2) the existence of a potentially meritorious cause of action (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]; *Mona & Jack's Clothing, Inc. v Ola, Inc.*, 133 AD3d 642, 643 [2015]; *Estate of Alston v Ramseur*, 124 AD3d 713, 714 [2015]; *SRN Realty, LLC v Scarano Architect, PLLC*, 116 AD3d 693, 694 [2014]). The plaintiffs failed to proffer a reasonable excuse for their failure to produce the requested items. Although the plaintiffs may have been denied access for a period of time to some of their documents, which they contended they needed in order to respond to the defendants' demands, they failed to secure the documents when they were provided access by court order for a specified time period, they did not seek an extension of that period of time before it expired, they did not provide responses to those demands that did not require access to the records to which they no longer had access, and they did not take appropriate steps to ensure that the documents were not disposed of. Moreover, the plaintiffs failed to establish a potentially meritorious cause of action (*see Whitestone Constr. Corp. v Nova Cas. Co.*, 129 AD3d 832, 833 [2015]; *see generally Bruno v Trus Joist a Weyerhaeuser Bus.*, 87 AD3d 670, 672 [2011]).

In addition, the Supreme Court did not improvidently exercise its discretion in awarding attorney's fees and costs to the defendants, since the plaintiffs failed to comply with multiple orders directing disclosure without a reasonable excuse, which conduct was completely without merit in law and which appeared to be designed to mislead the Supreme Court and the defendant and to delay the resolution of the action (*see* 22 NYCRR 130-1.1 [a], [c] [1], [2], [3]; *Crescent Elec. Supply Co., Inc., of N.Y. v Travelers Cas. & Sur. Co. of Am.*, 111 AD3d 659, 659 [2013]; *Aloyts v 601 Tenant's Corp.*, 84 AD3d 1287, 1288 [2011]; *Wesche v Wesche*, 51 AD3d 909, 911 [2008]).

The parties' remaining contentions are without merit. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.