U.S. Bank N.A. v Jackman (2021 NY Slip Op 02011)





U.S. Bank N.A. v Jackman


2021 NY Slip Op 02011


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-07488
 (Index No. 5320/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Terrance Jackman, appellant, et al., defendants.


Bronson Law Offices, P.C., Harrison, NY (H. Bruce Bronson of counsel), for appellant.
The Margolin & Weinreb Law Group, LLP, Syosset, NY (Alan H. Weinreb and Tiffany L. Henry of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Terrance Jackman appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated April 3, 2017. The order denied that defendant's motion (1) pursuant to CPLR 5015(a) to vacate (a) an order of the same court dated August 14, 2015 (Yvonne Lewis, J.), granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against him and for an order of reference, and (b) an order and judgment of foreclosure and sale (one paper) of the same court (Noach Dear, J.) dated January 12, 2016, among other things, granting the plaintiff's motion for leave to enter a judgment of foreclosure and sale and to confirm a referee's report, and directing the sale of the subject property, and thereupon, (2) to dismiss the complaint insofar as asserted against him.
ORDERED that the order dated April 3, 2017, is affirmed, with costs.
The Supreme Court properly denied the appellant's motion pursuant to CPLR 5015(a). A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Santos v Penske Truck Leasing Co., 105 AD3d 1029). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612 [internal quotation marks omitted]).
Here, the appellant failed to proffer any excuse for his failure to oppose the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, or the plaintiff's separate motion to confirm a referee's report and for leave to enter a judgment of foreclosure and sale. In light of the appellant's failure to establish a reasonable excuse for his default, it is not necessary to determine whether he demonstrated a potentially meritorious opposition to either of the plaintiff's motions (see CIT Bank, N.A.v Francis, 188 AD3d 792; Nationstar Mtge., LLC v Sobel, 179 AD3d 710; HSBC Bank USA, N.A. v Coronel, 174 AD3d 689).
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court