Industry LIC Condominium v Hudes (2021 NY Slip Op 06836)





Industry LIC Condominium v Hudes


2021 NY Slip Op 06836


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-02172
 (Index No. 708881/14)

[*1]Industry LIC Condominium, respondent, 
v
Ken Hudes, et al., appellants.


Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP, New York, NY (Kevin R. McConnell of counsel), for appellants.
Rosado, Apat & Dudley, LLP, Hicksville, NY (Richard Apat of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for injunctive relief, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Tracy Catapano-Fox, Ct. Atty. Ref.), dated December 14, 2017. The order and judgment, insofar as appealed from, awarded the plaintiff a permanent injunction against the defendants and awarded the plaintiff attorneys' fees against the defendant Ken Hudes pursuant to 22 NYCRR 130-1.1, in the amount of $80,940.48.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff attorneys' fees against the defendant Ken Hudes pursuant to 22 NYCRR 130-1.1, in the amount of $80,940.48; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action alleging, inter alia, that the defendants interfered with the plaintiff's use and enjoyment of an easement over certain property owned by the defendant 21-34 44th RD., LLC, and seeking injunctive and other relief.
After a trial held before a court attorney referee, the Supreme Court issued an order and judgment, inter alia, deciding the matter in favor of the plaintiff and against the defendants, awarding the plaintiff a permanent injunction against the defendants precluding them from "violating, altering, or substantially interfering with plaintiff's use and enjoyment of the easement," and awarding the plaintiff attorneys' fees against the defendant Ken Hudes pursuant to 22 NYCRR 130-1.1 in the amount of $80,940.48. The defendants appeal.
Courts have discretion to award costs or impose financial sanctions against a party or attorney in a civil action for engaging in frivolous conduct (see 22 NYCRR 130-1.1[a], [b]). Conduct may be deemed frivolous if it is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another," or "asserts material factual statements that are false" (id. § 130-1.1[c][2],[3]). However, the scope of the rule is limited to frivolous conduct in the proceeding before the court, and does not extend to "tortious conduct in general" (Casey v Chemical Bank, 245 AD2d 258, 258; see Matter of Fernandez v Nigro, 178 AD3d 703, 705).
Here, the Supreme Court erred in awarding the plaintiff attorneys' fees against Hudes personally, since Hudes' misconduct did not occur within the proceeding before the court and, therefore, was not "frivolous" within the meaning of 22 NYCRR 130-1.1 (see Matter of Fernandez v Nigro, 178 AD3d at 705; Youcheng Wu v Jian Xu, 137 AD3d 1016, 1017; Casey v Chemical Bank, 245 AD2d 258).
In light of our determination, we need not address the contentions raised in Points II and III of the defendants' brief.
The defendants' remaining contention is without merit.
CHAMBERS, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court