US Bank N.A. v Nunez (2022 NY Slip Op 04995)

US Bank N.A. v Nunez

2022 NY Slip Op 04995

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-00320
 (Index No. 11230/09)

[*1]US Bank National Association, etc., plaintiff-respondent,
v
Juan Abelino Nunez, appellant, et al., defendants; Helene Blank, nonparty-respondent.

J. A. Sanchez-Dorta, New York, NY, for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Reed Smith, LLP, New York, NY [Brenda Beauchamp Ward, Andrew B. Messite, and Kerren Zinner], of counsel), for plaintiff-respondent.
Helene Blank, Brooklyn, NY, nonparty-respondent pro se.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Juan Abelino Nunez appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated November 1, 2018. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 5015(a)(1) and (3) to vacate an order of the same court dated May 7, 2018, granting the plaintiff's motion for an extension of time to hold a foreclosure sale of the real property at issue, and granted that branch of the cross motion of nonparty Helene Blank, the referee appointed by the Supreme Court to ascertain and compute the amount due to the plaintiff, which was pursuant to 22 NYCRR 130-1.1(a) to recover costs for the making of the cross motion, to be paid by the attorney for the defendant Juan Abelino Nunez.
ORDERED that the order dated November 1, 2018, is affirmed insofar as appealed from, with one bill of costs.
In May 2009, the plaintiff commenced this action against Juan Abelino Nunez (hereinafter the defendant), among others, to foreclose a mortgage on certain real property in Brooklyn (hereinafter the premises). The defendant failed to appear or answer the complaint. Thereafter, the parties stipulated, inter alia, that the plaintiff would accept the defendant's answer, and the defendant served an answer with counterclaims. In an order dated October 3, 2014, the Supreme Court, among other things, granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint and for an order of reference, struck the defendant's answer, and referred the matter to Helene Blank (hereinafter the referee) to ascertain and compute the amount due to the plaintiff. The defendant subsequently moved to vacate the order dated October 3, 2014. By order dated September 18, 2015, the court denied the defendant's motion.
Thereafter, in March 2017, the plaintiff moved for a judgment of foreclosure and sale, and the defendant did not oppose the motion. On January 11, 2018, the Supreme Court issued a [*2]judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the premises. A foreclosure sale, which was scheduled for April 12, 2018, did not take place. Thereafter, the plaintiff moved for an extension of time to hold a foreclosure sale. The defendant did not oppose the motion. In an order dated May 7, 2018 (hereinafter the May 2018 order), the court granted the plaintiff's motion and extended the time to hold the sale for 90 days. The defendant then moved pursuant to CPLR 5015(a)(1) and (3) to vacate the May 2018 order. As is relevant to the appeal, the referee cross-moved, inter alia, pursuant to 22 NYCRR 130-1.1(a) to recover costs for the making of the cross motion, to be paid by the defendant's attorney "for filing frivolous litigation." The plaintiff served an affirmation in opposition to the defendant's motion and in support of the referee's cross motion.
In an order dated November 1, 2018, the Supreme Court, inter alia, denied the defendant's motion to vacate the May 2018 order and granted that branch of the referee's cross motion which was pursuant to 22 NYCRR 130-1.1(a) to recover costs for the making of the cross motion, to be paid by the defendant's attorney. The defendant appeals.
In order to vacate an order pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id.; Deutsche Bank Natl. Trust Co. v Quinn, 186 AD3d 561, 562-563; Wachovia Mtge., FSB v Coleman, 170 AD3d 1244, 1245). Here, the defendant failed to demonstrate a reasonable excuse for his default in opposing the plaintiff's motion for an extension of time to hold a foreclosure sale. Since the defendant failed to demonstrate a reasonable excuse for his default, it is unnecessary to consider whether he demonstrated the existence of a potentially meritorious opposition to the motion (see Deutsche Bank Natl. Trust Co. v Quinn, 186 AD3d at 563).
Pursuant to CPLR 5015(a)(3), a court may relieve a party from an order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party (see Capital One, N.A. v Mc Cormack, 183 AD3d 644, 644). Where, as here, a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on extrinsic fraud, the defendant must demonstrate "some device, trick, or deceit that led him [or her] to believe that he [or she] need not defend this action" (HSBC Bank USA, N.A. v Walker, 201 AD3d 795, 797; see LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945). Here, the defendant failed to demonstrate that he had somehow been prevented from fully and fairly litigating this action (see LaSalle Bank N.A. v Oberstein, 146 AD3d at 945). Moreover, the defendant also failed to establish any misrepresentation or other misconduct by the plaintiff in this matter to warrant vacatur of the May 2018 order (see e.g. Capital One, N.A. v Mc Cormack, 183 AD3d at 645; see also LaSalle Bank N.A. v Oberstein, 146 AD3d at 945-946).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 5015(a)(1) and (3) to vacate the May 2018 order.
The Supreme Court also providently exercised its discretion in granting that branch of the referee's cross motion which was pursuant to 22 NYCRR 130-1.1(a) to recover costs for the making of the cross motion, to be paid by the defendant's attorney. "Courts have discretion to award costs or impose financial sanctions against a party or attorney in a civil action for engaging in frivolous conduct" (Industry LIC Condominium v Hudes, 200 AD3d 761, 761; see 22 NYCRR 130-1.1[a], [b]). Conduct may be deemed frivolous if it is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another," or "asserts material factual statements that are false" (22 NYCRR 130-1.1[c][2], [3]). Here, the allegations against the referee and the plaintiff's attorneys by the defendant's attorney in support of the defendant's motion to vacate the May 2018 order were wholly unsubstantiated and speculative and constituted an attempt to "mislead the [court] and to delay the resolution of the action" (150 Centreville, LLC v Lin Assoc. Architects, P.C., 151 AD3d 912, 913; see 22 NYCRR 130-1.1[c][2], [3]; Matter of Flanigan v Smyth, 148 AD3d 1249, 1251).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the referee's cross motion which was pursuant to 22 NYCRR 130-1.1(a) to recover costs for the making of the cross motion, to be paid by the defendant's attorney.
The referee's contention that the Supreme Court should have granted that branch of her motion which was for an award of attorneys' fees and/or imposition of a financial sanction against the defendant's attorney is not properly before this Court since the referee did not cross-appeal from the order appealed from (see Matter of Lopresti v David, 202 AD3d 790).
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court