Weidler v MERSCORP Holdings, Inc. (2022 NY Slip Op 05109)

Weidler v MERSCORP Holdings, Inc.

2022 NY Slip Op 05109

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2018-08710
 (Index No. 612597/16)

[*1]Diane Weidler, appellant, 
v
MERSCORP Holdings, Inc., etc., et al., respondents, et al., defendants.

Kupillas Unger & Benjamin, Great Neck, NY (Jeffrey Benjamin of counsel), for appellant.
McCalla Raymer Leibert Pierce LLC, New York, NY (Charles H. Jeanfreau of counsel), for respondents.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated June 7, 2018. The order denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court dated January 8, 2018, granting the unopposed motion of the defendants Mortgage Electronic Recording Systems, Inc., incorrectly sued herein as MERSCORP Holdings, Inc., Aurora Loan Services, LLC, and Nationstar Mortgage, LLC, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order dated June 7, 2018, is affirmed, with costs.
On April 30, 2007, Diane Weidler executed a note promising to repay a loan in the amount of $440,000, secured by a mortgage on certain real property located in Suffolk County. On or about July 30, 2008, Mortgage Electronic Recording Systems, Inc. (hereinafter MERS), incorrectly sued herein as MERSCORP Holdings, Inc., commenced an action to foreclose the mortgage against, among others, Weidler, alleging that Weidler had defaulted on the mortgage by failing to make the payment due on April 1, 2008, and all payments due thereafter. In the complaint, MERS elected to declare immediately due and payable the entire unpaid balance of the principal due and owing on the note. On or about August 27, 2012, and January 25, 2013, the attorneys for MERS and Weidler executed stipulations voluntarily discontinuing the foreclosure action without prejudice and canceling the notice of pendency.
On or about August 22, 2016, Weidler commenced this action pursuant to RPAPL article 15 to quiet title to real property against, among others, MERS, Aurora Home Loan Services, LLC, and Nationstar Mortgage, LLC (hereinafter collectively the defendants). In the complaint, Weidler alleged that since the mortgage was accelerated on July 30, 2008, upon the commencement of the foreclosure action, the six-year statute of limitations expired on July 30, 2014.
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. Weidler did not oppose the motion. In an order dated January 8, 2018, the Supreme Court granted the defendants' unopposed motion and directed dismissal of the complaint insofar as asserted against them.
Thereafter, Weidler moved pursuant to CPLR 5015(a) to vacate the order dated January 8, 2018, asserting, inter alia, that her failure to oppose the defendants' motion for summary [*2]judgment dismissing the complaint insofar as asserted against them was the result of inadvertent law office failure. In an order dated June 7, 2018, the Supreme Court denied Weidler's motion. Weidler appeals.
In order to vacate a default in opposing a motion, the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion (see id. § 5015[a][1]; U.S. Bank N.A. v Jackman, 192 AD3d 1180, 1180; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d at 886). A party attributing default to law office failure "'must provide a detailed and credible explanation of the default. Conclusory and unsubstantiated allegations of law office failure are not sufficient'" (Nationstar Mtge., LLC v Ramnarine, 172 AD3d at 886, quoting LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707 [internal quotation marks omitted]).
Here, as Weidler's excuse of law office failure was "conclusory and unsubstantiated" (New St. Assoc., LLC v Gach, 173 AD3d 749, 750), she failed to demonstrate a reasonable excuse for her default (see Bank of N.Y. v Attia, 172 AD3d 666, 667; Wells Fargo Bank, N.A. v Syed, 160 AD3d 914, 915). Since Weidler failed to demonstrate a reasonable excuse for her default, it is unnecessary to consider whether she established a potentially meritorious opposition to the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (see U.S. Bank N.A. v Nosratabdi, 199 AD3d 960; Bank of Am., N.A. v Murjani, 199 AD3d 630).
Weidler's remaining contention is without merit.
Accordingly, the Supreme Court properly denied Weidler's motion pursuant to CPLR 5015(a) to vacate the January 8, 2018 order granting the defendants' unopposed motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court