Matter of Edwin C. v Fenny C. (2024 NY Slip Op 02700)

Matter of Edwin C. v Fenny C.

2024 NY Slip Op 02700

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2023-04988
 (Docket No. P-5978-20)

[*1]In the Matter of Edwin C. (Anonymous), petitioner-respondent, 
v
Fenny C. (Anonymous), appellant, et al., respondent. 

Fenny C., Bellmore, NY, appellant pro se.
Picarello & Saciolo, PLLC, Islandia, NY (Nicholas E. Arazoza of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the mother appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated April 27, 2023. The order granted the petitioner's motion pursuant to 22 NYCRR 130-1.1 for an award of counsel fees.
ORDERED that the order is reversed, on the law and the facts, with costs, and the petitioner's motion pursuant to 22 NYCRR 130-1.1 for an award of counsel fees is denied.
Pursuant to 22 NYCRR 130-1.1(a), the court is authorized to award a party in a civil action "reasonable attorney's fees . . . resulting from frivolous conduct." Conduct is frivolous if "(1) it is completely without merit in law and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (id. § 130-1.1[c]). "A party seeking the imposition of a sanction or an award of an attorney's fee pursuant to 22 NYCRR 130-1.1(c) has the burden of demonstrating that the conduct of the opposing party was frivolous within the meaning of the rule" (Matter of Miller v Miller, 96 AD3d 943, 944; see Brin v Shady, 179 AD3d 760, 763; Matter of Lebron v Lebron, 101 AD3d 1009, 1010-1011).
Here, the petitioner failed to demonstrate that the mother engaged in frivolous conduct within the meaning of the rule. Contrary to the Family Court's determination, the mother's inconsistent statements and evasive testimony were not frivolous conduct within the meaning of 22 NYCRR 130-1.1 (see U.S. Bank N.A. v Jack, 219 AD3d 1369, 1372; Lombardi v Lombardi, 190 AD3d 964, 966-967; Le Cadre v Lockwood Realty, LLC, 148 AD3d 1130, 1130-1131; cf. Colon v Crespo, 223 AD3d 645, 647-648). Accordingly, the court should not have granted the petitioner's motion pursuant to 22 NYCRR 130-1.1 for an award of counsel fees.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court