MTGLQ Invs., L.P. v Wise (2025 NY Slip Op 03567)

MTGLQ Invs., L.P. v Wise

2025 NY Slip Op 03567

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-07467
 (Index No. 7666/12)

[*1]MTGLQ Investors, L.P., respondent, 
v
Kathy Wise, et al., defendants, Armand Retamozzo, intervenor- appellant.

Sean Sabeti, Great Neck, NY, for intervenor-appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Max T. Saglimbeni and Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, Armand Retamozzo, appeals from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated April 27, 2022. The order (1) denied the intervenor's motion, inter alia, to vacate an order of the same court (Thomas F. Whelan, J.) dated November 23, 2021, granting the plaintiff's unopposed motion, among other things, to vacate a notice of pendency filed against the subject property, and for leave to reargue those branches of his prior motion which were to set aside the foreclosure sale of the subject property and to compel the referee to accept his bid for the purchase of the subject property, which had been denied in an order of the same court (Howard H. Heckman, Jr., J.) dated June 22, 2021, and (2) denied the intervenor's separate motion for an award of costs and to impose sanctions against the plaintiff's counsel pursuant to 22 NYCRR 130-1.1.
ORDERED that the appeal from so much of the order dated April 27, 2022, as denied that branch of the motion of the intervenor, Armand Retamozzo, which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated April 27, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The underlying facts are set forth in this Court's decision and order on a related appeal (MTGLQ Investors, L.P. v Wise, _____ AD3d _____ [Appellate Division Docket No. 2021-05549; decided herewith]). On or about February 28, 2020, the intervenor, Armand Retamozzo, filed a notice of pendency against the subject property. In September 2021, the plaintiff moved to vacate the notice of pendency and to enjoin Retamozzo from filing additional notices of pendency against the property. By order dated November 23, 2021, the Supreme Court granted the motion, which was unopposed.
Thereafter, Retamozzo moved, inter alia, pursuant to CPLR 5015(a)(1) and (4) to vacate the order dated November 23, 2021. The plaintiff opposed the motion and requested an award [*2]of costs and to impose sanctions against Retamozzo and his counsel pursuant to 22 NYCRR 130-1.1.
In February 2022, Retamozzo made a separate motion for an award of costs and to impose sanctions against the plaintiff's counsel pursuant to 22 NYCRR 130-1.1.
In an order dated April 27, 2022, the Supreme Court denied Retamozzo's motions. Retamozzo appeals.
In order to vacate a default in opposing a motion, the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Weidler v MERSCORP Holdings, Inc., 208 AD3d 922, 923; U.S. Bank N.A. v Jackman, 192 AD3d 1180, 1180). "'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (Weidler v MERSCORP Holdings, Inc., 208 AD3d at 923, quoting Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886). Here, the Supreme Court providently exercised its discretion in determining that Retamozzo failed to proffer a reasonable excuse for failing to oppose the plaintiff's motion, inter alia, to vacate the notice of pendency. In view of the lack of a reasonable excuse, it is unnecessary to consider whether Retamozzo demonstrated the existence of a potentially meritorious opposition to that motion (see HSBC Bank USA, N.A. v Krebs, 219 AD3d 1417, 1420).
As for Retamozzo's motion for an award of costs and to impose sanctions, "'[c]ourts have discretion to award costs or impose financial sanctions against a party or attorney in a civil action for engaging in frivolous conduct'" (U.S. Bank N.A. v Nunez, 208 AD3d 711, 713, quoting Industry LIC Condominium v Hudes, 200 AD3d 761, 761; see 22 NYCRR 130-1.1[a], [b]). "[C]onduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1[c]; see Wilmington Sav. Fund Socy., FSB v Kelly, 229 AD3d 660, 662). Here, the Supreme Court providently exercised its discretion in denying Retamozzo's motion, as the record does not demonstrate that the plaintiff's counsel engaged in frivolous conduct (see 22 NYCRR 130-1.1; U.S. Bank Trust, N.A. v Johnson, 201 AD3d 841, 842).
Retamozzo's remaining contentions are without merit.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court